United States District Court
Southern District of Texas
**ENTERED**
October 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERALD MARSHALL, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-03438 |
| § | |
| ERIC GUERRERO, § | |
| § | |
| Respondent. § | |

## ORDER

On March 31, 2025, the Court entered a Memorandum and Order denying Gerald Marshall's federal habeas petition. [DE 209]. The Court found that Marshall presented many of his claims in a procedurally improper manner and showed no basis to forgive the procedural error. The Court also concluded that, procedural imperfections aside, Marshall's claims failed to entitle him to habeas relief. The Court also declined to issue a Certificate of Appealability. [DE 210].

Marshall filed a timely Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [DE 212]. Rule 59(e) motions serve a limited role. Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary measure, which courts should use sparingly. *See* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995). Rule 59(e) motions "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.'" *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260,

1268 (7th Cir. 1986)). Due to the extraordinary nature of this remedy, the Fifth Circuit has found that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Marshall's lengthy Rule 59(e) motion advances several arguments for post-judgment relief. But, for the most part, Marshall merely shows disagreement with the denial of his claims. Complaints about the Court's adjudication do not require reopening federal proceedings. Throughout his motion, Marshall also criticizes the Court's Memorandum and Order for allegedly not discussing his arguments sufficiently. The Court did not discuss, and was not required to discuss, Marshall's arguments that are insubstantial or without merit. To the extent which any procedural or substantive argument was not extensively discussed, the denial of relief implicitly rejected Marshall's meritless arguments.

The Court has considered all the arguments Marshall raises in his Rule 59(e) motion. Marshall has not brought forth any new law, unresolved fact, or manifest error requiring reconsideration of the denial of habeas relief. The Court also finds no reason to certify any issue for appellate review. As he shows no reason to revisit the judgment, the Court **DENIES** Marshall's Rule 59(e) motion.

It is so ORDERED.

SIGNED on October 20, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge